HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT SHANNON,

    Plaintiff,

v.

COLUMBIA BASIN RAILROAD,

    Defendant.

CASE NO. C11-5867 RBL

ORDER ON PLAINTIFF'S MOTION IN LIMINE REGARDING FAULT OF THIRD PARTIES

[Dkt. #65]

THIS MATTER is before the Court on Plaintiff Shannon's Motion in Limine [Dkt. #65], seeking to preclude the Defendant from presenting evidence or arguing that non-party White's Hauling is at fault for the accident at issue. He relies on a variety of cases holding and reiterating that FELA imposes on the railroad employer a non-delegable duty to provide its employees a safe place to work. *See Shenker v. Baltimore & O. R. Co.* 374 U.S. 1 (1963). He emphasizes that this duty extends to property which third persons have the primary obligation to maintain.

Defendant does not specifically argue that these principles are incorrect, but instead claims that a railroad employer is not liable (even under FELA's relaxed negligence standard) where a non-agent third party causes the injury. Its primary argument is that White's Hauling

failed to set the brake on the car that injured Shannon, and that White's Hauling was not its agent.

Defendant's argument is based primarily on two cases that are not analogous to this case. In *Thomas v. Grigorescu*, 582 F. Supp 534 (S.D.N.Y. 1984), the plaintiff employee was injured while in a taxi, during transport to a hotel. In *Morse v. Pennsylvania R. Co.*, 74 F.2d 677 (2nd Cir. 1935), the plaintiff employee was injured when a car driven by a third party struck him at a grade crossing.

In this case, it is apparently undisputed that Shannon was injured while working on Defendant's train at the property of one of its industry customers, White's Hauling. Defendant's position is that a car previously delivered to White's was parked on White's property, and someone at White's failed to set its hand brake. The car rolled down the track and struck Shannon.

This case is far more analogous to *Payne v. Baltimore & O. R. Co.*, 309 F.2d 546 (6th Cir. 1962). There, the plaintiff employee was killed when a boxcar was derailed by a pile of ash negligently placed on the tracks by the industry customer. The railroad lost and appealed, arguing as Defendant does here that the industry's negligence should not be imputed to it. The 6th Circuit disagreed:

> The employee need not look elsewhere for his protection. He has a right under FELA to rely on his employer and none other. When the employer delegates its duty, or abdicates its control, the employer takes the risk, not the employee.

*Id*. at 549.

//

//

//

1 | The Plaintiff's Motion in Limine regarding evidence and, more specifically, argument regarding
2 | the fault of White's Hauling is GRANTED. This Order should not be construed as a ruling that
3 | the facts surrounding the accident are not admissible.
4 |     IT IS SO ORDERED.
5 |     Dated this 28th day of January, 2013.

                                                                   _____
                                                                     Ronald B. Leighton
                                                                     United States District Judge